FILED
LBEF
MAY 22 2014
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re

Jerzy Baranowski

        Debtor.
_____/

Case No. 13-11803-A-13
PK-1

**MEMORANDUM DECISION**

Did Jerzy Baranowski borrow $12,000 from Dennis Valdez in October 2012? The answer is no.

**FACTS**

Jerzy Baranowski ("Baranowski") is the owner of Jerry's Pizza & Deli, a corporation ("Jerry's Pizza"). Dennis Valdez ("Valdez") is a self-employed accountant, residential landlord, and sometime money-lender.

The parties do not dispute that on December 12, 2012, Valdez made a short-term personal loan to Baranowski (the "December 2012 loan"). Baranowski contends that the December 2012 loan was for a total amount of $9,000 and was funded solely by check number 228 drawn on Valdez's Wells Fargo Bank account. Valdez contends this loan was for a total amount of $9,600, of which $9,000 was funded by check number 228 and $600 was funded by cash. On February 11, 2013, Baranowski retired this loan by paying Valdez $9,600. As a result, the loan was either a no-interest loan between "good friends" as Valdez contends, or a high-interest (40% per annum) loan as Baranowski contends.

Also not in dispute is that on February 25, 2013, Valdez made a loan of $10,000 to Baranowski (the "2013 loan"), which was funded by check number 244 drawn on Valdez's Wells Fargo Bank account. On that date, Jerry's Pizza, acting through Baranowski, gave Valdez a post-dated check dated March 7, 2013, for $10,000. Baranowski contends that he paid Valdez $200 in cash as prepaid interest for the 2013 loan at the loan's inception. Valdez describes the 2013 loan, like the December 2012 loan, as a no-interest loan made between friends and denies the receipt of the $200. Similar to the December 2012 loan, the 2013 loan was either a no-interest loan that Valdez made to Baranowski as a friend or another high-interest, short-term loan. The

parties agree that the 2013 loan remained unpaid as of the date of Baranowski's bankruptcy petition.

The crux of the dispute centers on check number 5172 in the amount of $12,000, dated December 12, 2012, drawn on Jerry's Pizza's Wells Fargo Bank account. This check names Valdez as the payee. The reference line on this check describes the only purpose for the check as a "loan." Valdez contends that this was a post-dated check to memorialize and secure a cash loan of $12,000 that Baranowski received in October 2012 (the "Disputed October 2012 loan") that Baranowski still owed when he filed bankruptcy. By contrast, Baranowski denies the existence of such a loan and contends that check number 5172 memorialized—and provided a source of payment for—the December 2012 loan for $9,000 that has now been paid. The parties agree that this check was returned unpaid for insufficient funds when Valdez attempted to negotiate it after Baranowski's bankruptcy was filed, resulting in Valdez's incurring a $24 returned-item fee charged by his bank.

Baranowski filed his bankruptcy case March 18, 2013. Later, he confirmed a Chapter 13 plan that provides payment in full of unsecured creditors' claims. Valdez filed a proof of claim in Baranowski's bankruptcy case for $22,024 comprising (1) the undisputed 2013 loan for $10,000; (2) the Disputed October 2012 loan for $12,000; and (3) the $24 returned-item fee that Valdez incurred at his bank.[1] Baranowski has objected to Valdez's claim, admitting that he owes $10,000 but denying that he owes any other amounts.

## JURISDICTION

---

[1] The Proof of Claim was actually filed for $22,204.00. At the hearing, Valdez conceded that the additional $200.00 was an error and the Proof of Claim should be $22,024.00.

This court has jurisdiction. *See* 28 U.S.C. § 1334; 11 U.S.C. § 502(a); General Order No. 182 of the U.S. District Court for the Eastern District of California. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(B).

## DISCUSSION

### I. Applicable Standards for Claims Objections

Section 502(a) provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). A claim must be disallowed if it is unenforceable under applicable nonbankruptcy law. *See* 11 U.S.C. § 502(b)(1); *accord Diamant v. Kasparian (In re S. Cal. Plastics, Inc.)*, 165 F.3d 1243, 1247 (9th Cir. 1999).

Federal Rule of Bankruptcy Procedure 3001(f) prescribes the evidentiary effect of "[a] proof of claim executed and filed in accordance with [the] rules." Fed. R. Bankr. P. 3001(f). If properly executed and filed under the rules along with all supporting documentation that may be required, *see, e.g.*, Fed. R. Bankr. P. 3001(c), the proof of claim is given an evidentiary presumption of validity. *See* Fed. R. Bankr. P. 3001(f); *Diamant*, 165 F.3d at 1247-48.

The evidentiary presumption created by Rule 3001(f) "operates to shift the burden of going forward but not the burden of proof." *See Litton Loan Servicing, LP v. Garvida (In re Garvida)*, 347 B.R. 697, 706 (B.A.P. 9th Cir. 2006) (citing *Garner v. Shier (In re Garner)*, 246 B.R. 617, 622 (B.A.P. 9th Cir. 2000); *Diamant*, 165 F.3d at 1248). But this evidentiary presumption is rebuttable. *Id.* at 706. "One rebuts evidence with counter-evidence." *Id.* at 707; *see also Am. Express*

*Bank, FSB v. Askenaizer (In re Plourde)*, 418 B.R. 495, 504 (B.A.P. 1st Cir. 2009) ("[T]o rebut the prima facie evidence a proper proof of claim provides, the objecting party must produce 'substantial evidence' in opposition to it.").

The burden of proof, however, always remains on the party who carries the burden under applicable nonbankruptcy law. Because the burden of proof is "a substantive aspect of a claim," *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20-21 (2000) (internal quotation marks omitted), it is governed by nonbankruptcy law, usually state law, applicable to a claim, *see id.* ("[S]tate law governs the substance of claims [in bankruptcy]." (citing *Butner v. United States*, 440 U.S. 48, 57 (1979))); *Garvida*, 347 B.R. at 705. "That is, the burden of proof is an essential element of the claim itself; one who asserts a claim is entitled to the burden of proof that normally comes with it." *Raleigh*, 530 U.S. at 21.

## II. The Disputed October 2012 Loan

Valdez's proof of claim was initially entitled to an evidentiary presumption of validity that had shifted the burden of production to Baranowski. But Baranowski proffered sufficient counter-evidence at trial to rebut the prima face validity of Valdez's claim.

Under California law, though, the ultimate burden of persuasion to show the existence of the Disputed October 2012 loan rests with Valdez as the party asserting a contractual claim arising from this purported loan. *See* Cal. Evid. Code § 500; *First Commercial Mortg. Co. v. Reece*, 108 Cal. Rptr. 2d 23, 33 (Cal. Ct. App. 2001) (including the existence of a contract as the element of a contract cause of action).

Valdez has provided no helpful documentation. The only document

5

provided is a copy of check number 5172 for $12,000. This check is equally probative of the existence of a Disputed October 2012 loan as it is of the existence of the December 2012 loan. Thus, showing whether the Disputed October 2012 loan was made becomes a contest of pure credibility.

In this contest, Baranowski prevails. No claim will lie unless supported by a debt. See 11 U.S.C. §§ 101(5),(12), 502(b)(1). The court finds that the Disputed October 2012 loan never existed. First, Baranowski denies the existence of the Disputed October 2012 loan, and his testimony was more credible than Valdez's testimony. Baranowski's testimony was specific and unequivocal; in contrast, Valdez's testimony contained inconsistencies. For example, Valdez offered conflicting descriptions of his relationship with Baranowski. At one point, Valdez called Baranowski a "good friend" whom Valdez knew was "good for the money." At another point, he characterized Baranowski as a cheat and said that he thought that he might need to collect the loans from Baranowski's wife. Similarly, Valdez provided inconsistent facts about the 2013 loan. On one occasion, he described this loan as having occurred on February 25, 2013. On another, he indicated the loan occurred in October or November 2012.

Second, Valdez has not produced documentation that clearly supports the loan's existence. This is surprising given that Valdez is an accountant, well-versed in the need for documentation. And as the lender, he is the party with the greatest incentive to create a clear paper trail. Given the size of the Disputed October 2012 loan, $12,000, the court finds suspect the lack of a clear record of the loan.

Third, finding that Valdez made the Disputed October 2012 loan to

Baranowski would require the court to find that Valdez violated his own lending practice. When making short-term personal loans to Baranowski and others, Valdez's custom was to obtain from the borrower a post-dated check payable to himself for at least the amount of the loan. Valdez used such checks both to memorialize the loans and also as a method of ensuring their repayment. Baranowski's version of the events is that there were only two loans made, one in December 2012, and one in February 2013, and Baranowski has produced two memorializing checks payable to Valdez to support the existence of these loans. Valdez contends there were three loans, the two described by Baranowski plus the Disputed October 2012 loan, but he has only offered two memorializing checks to support such loans, one check for $10,000 for the 2013 loan and the other check, check number 5172, for the December 2012 loan that was paid in full. The absence of a third, memorializing check strengthens the inference that only two loans were made. And the Disputed October 2012 loan is not one of these two loans. Because Baranowski's testimony was more credible than Valdez's, the court concludes that check number 5172 was written to memorialize the December 2012 loan.

Fourth, the court does not find credible that the December 2012 loan was a "no-interest loan" between "good friends" as Valdez asserts. The evidence does not reflect such a close relationship between Valdez and Baranowski. Valdez's tax preparation services for Baranowski indicates a professional relationship, which had ended approximately 5 years before Valdez made these loans to Baranowski. Valdez's only social contact with Baranowski was occasionally dining at Baranowski's restaurant. This evidence about the parties' relationship weakens Valdez's assertion that the December 2012 loan

was a no-interest loan. Instead, it supports a characterization of this loan as a high-interest loan of the type that Valdez might make to a former professional client and acquaintance. It also strengthens the court's conclusion that Baranowski's post-dated check number 5172 for $12,000 was intended to memorialize the December 2012 loan for $9,000 as it provided Valdez with substantial interest or penalties if Baranowski defaulted. This check was not meant to memorialize a no-interest loan for $12,000.

As a result, the court finds that Valdez did not make the Disputed October 2012 loan to Baranowski, and that check number 5172 was only an attempt to memorialize, with substantial interest included, the December 2012 loan. Since the December 2012 loan was repaid prior to the date Valdez attempted to cash check number 5172, the late charge is also not well-taken.

## CONCLUSION

For these reasons, the court sustains Baranowski's objection to Valdez's $22,024.00 claim. The court disallows the claim in the amount of $12,024.00 and allows the claim in the amount of $10,000.00, the undisputed portion of the claim. The court will issue a separate order.

Dated: May 22, 2014

Fredrick E. Clement
United States Bankruptcy Judge

# Instructions to Clerk of Court

## Service List

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

    Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and ✓ Other Persons Specified Below:

Jerzy Baranowski
1817 Chester Avenue
Bakersfield, CA 93301

Patrick Kavanagh, Esq.
1331 L Street
Bakersfield, CA 93301

William D. Olcott, Esq.
1401 19th St., #100
Bakersfield, CA 93301

Michael Meyer
Chapter 13 Trustee
P. O. Box 28950
Fresno, CA 93729

Office of the U. S. Trustee
2500 Tulare Street Suite 1401
Fresno, CA 93721